# EXHIBIT H

Richard E. Coe
215-988-3393 Direct
215-988-2757 Fax
richard.coe@dbr.com

March 23, 2018

**VIA ECF**

The Honorable Susan E. Schwab
United States District Court
   Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA  17101

Re:     *Marsulex Environmental Technologies Corp. v. Selip S.P.A.*,
          **Case No. 1:15-cv-00269**

Dear Judge Schwab:

I write on behalf of Plaintiff Marsulex Environmental Technologies Corporation ("MET") in the above-captioned action.  In accordance with Your Honor's preferences and procedures, and in an attempt to avoid the filing of a motion to compel, MET writes to advise the Court that it has grounds for the filing of a motion to compel discovery against Defendant Selip S.P.A. ("Selip") due to Selip's repeated failures to remedy its deficient discovery responses.  Because of the impending discovery deadline in this case, MET seeks to resolve the outstanding discovery issues as quickly and efficiently as possible.

Below is a brief summary of the current discovery dispute.  As described, MET has made numerous attempts to work with Selip to resolve the issues pertaining to Selip's deficient discovery responses.

On October 14, 2015, MET served its First Set of Interrogatories and First Set of Requests for the Production of Documents (the "Discovery Requests") on Selip via First Class Mail.  Ex. A, Letter from Christian E. Piccolo to Matthew R. Shindell (Oct. 14, 2015).  MET's Discovery Requests were limited in number and scope, and contained only five interrogatories and ten requests for production.  On December 1, 2015, it was ordered that the parties respond to the discovery that was previously propounded and all other discovery be stayed pending the resolution of Selip's motion to dismiss.  Selip served responses to the Discovery Requests (the "Discovery Responses") on December 8, 2015.  *See* Ex. B, Def.'s Disc. Responses.  Selip's Discovery Responses, however, contained a number of deficiencies that MET has since brought to Selip's attention on numerous occasions.

Following the resolution of Selip's motion to dismiss, MET filed an amended complaint on April 15, 2016.  On June 24, 2016, Christian E. Piccolo, counsel for MET,

The Honorable Susan E. Schwab
March 23, 2018
Page 2

sent an e-mail to Matthew R. Shindell, former counsel for Selip, outlining deficiencies in seven of Selip's Discovery Responses and requesting that Selip provide more specific answers to the flagged Discovery Responses. *See* Ex. C, E-mail from Christian E. Piccolo to Matthew R. Shindell (June 24, 2016). For example, in Request for Production No. 1, MET requested "[a]ll documents relating to the June 2010 FRP piping, including any communications with MET or ZAP regarding the June 2010 FRP piping . . . ." Selip's production only included a handful of electronic correspondences. In her June 24, 2016 e-mail, Ms. Piccolo requested that Selip produce all electronic correspondence Selip has regarding the June 2010 FRP piping or state that it has no additional electronic correspondence regarding the June 2010 FRP piping. *Id.* Ms. Piccolo also requested that Selip provide responses to several Discovery Requests it unreasonably objected to, and produce additional documents that were likely in its possession. *Id.* She also proposed a meet and confer between the parties. *Id.*

On June 30, 2016, Selip filed a motion to dismiss the amended complaint and discovery was placed on hold. The Court ruled on Selip's motion to dismiss the amended complaint on March 27, 2017. The case was then referred to mediation on April 6, 2017. In an Order dated June 12, 2017, the Court cancelled all pretrial and trial deadlines pending the conclusion of mediation. On September 21, 2017, Selip's CEO, Carlo Romani, informed representatives of MET that mediation was not likely to be productive. Thereafter, an amended case management order was entered on October 26, 2017.

On January 11, 2018, following Selip's replacement of its counsel, a deficiency letter (the "Deficiency Letter") was sent to Michael D. Brophy, counsel for Selip, requesting that Selip remedy its outstanding discovery deficiencies by January 19, 2018. *See* Ex. D, Letter from Richard E. Coe to Michael D. Brophy (Jan. 11, 2018). MET also served notices of deposition on three Selip employees.

On January 18, 2018, the parties met in person to discuss the Deficiency Letter. During this meeting, Mr. Brophy represented that Selip was likely in possession of additional documents that are responsive to the Discovery Requests and that Selip would produce such documents.

On February 7, 2018, an e-mail was sent to Mr. Brophy explaining that it is MET's understanding that Selip planned to produce additional documents responsive to the Discovery Requests and inquiring as to the date when the documents were expected to be produced. *See* Ex. E, E-mail from Lucas B. Michelen to Michael D. Brophy (Feb. 7, 2018). It was also noted that MET may be required to file a motion with the Court if the documents were not produced in a timely manner. *Id.* Mr. Brophy responded on February 8, 2018 and confirmed that Selip was in possession of additional responsive documents. *Id.* Mr. Brophy also requested that Selip be granted until February 16, 2018

The Honorable Susan E. Schwab
March 23, 2018
Page 3

to provide a more detailed response to the Deficiency Letter. *Id.* MET accepted this date. *Id.*

After not receiving a response from Selip regarding the Deficiency Letter, a follow-up e-mail was sent to Mr. Brophy on February 20, 2018, inquiring when the additional documents would be produced. *See* Ex. F, E-mail from Lucas B. Michelen to Michael D. Brophy (Feb. 20, 2018). Mr. Brophy responded and requested that Selip have until March 2, 2018 to produce the additional documents and respond to the Deficiency Letter. *Id.* Thereafter, Mr. Brophy did not provide any updates to MET.

On March 12, 2018, MET e-mailed Mr. Brophy again and requested an update on Selip's efforts to comply with its outstanding discovery obligations. Ex. G, E-mail from Lucas B. Michelen to Michael D. Brophy (Mar. 12, 2018). The e-mail informed Mr. Brophy that due to the impending discovery deadline, MET would file a motion to compel if it did not receive a response to its Deficiency Letter by March 16, 2018. *Id.* On March 13, 2018, the parties had a call to discuss MET's intention to file a motion to compel. MET has not received any updates from Selip since the March 13, 2018 call.

It has been over two months since MET sent its Deficiency Letter to Selip. It has also been more than two months since Mr. Brophy represented to MET that Selip is in possession of additional responsive documents that have not yet been produced. The Second Amended Case Management Order requires fact discovery to close on April 30, 2018. MET intends to depose at least three of Selip's employees and is in need of complete discovery responses in order to adequately prepare for the depositions. The need for a timely response is intensified due to Selip's employees being located in Italy, which makes the scheduling of depositions difficult.

MET has made numerous attempts to resolve the issues related to Selip's Discovery Responses without judicial intervention. Due to the impending deadline for the close of fact of discovery, MET finds it necessary to file a motion to compel discovery if Selip does not take action quickly.

Thank you for your attention to this matter. Please let me know if you have any questions.

The Honorable Susan E. Schwab
March 23, 2018
Page 4

Very Respectfully,

/s/ Richard E. Coe
Richard E. Coe

REC/cep

cc:     Michael D. Brophy, Esq.

# EXHIBIT A



*Law Offices*

One Logan Square, Ste. 2000
Philadelphia, PA
19103-6996

215-988-2700 phone
215-988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

Christian E. Piccolo
215-988-2783 Direct
215-988-2757 Fax
christian.piccolo@dbr.com

October 14, 2015

**VIA FIRST CLASS MAIL**

Matthew R. Shindell, Esq.
Goldberg Segalla LLP
1700 Market St., Suite 1418
Philadelphia, PA  19103

**Re:**   ***Marsulex Environmental Technologies Corporation v. Selip S.P.A.,***
       **Case No. 1:15-cv-00269**

Dear Mr. Shindell:

Enclosed is a copy of Plaintiff Marsulex Environmental Technologies Corporation's First Set of Requests for the Production of Documents and Interrogatories.

Sincerely,

/s/ Christian E. Piccolo
Christian E. Piccolo

CEP
Enclosure

cc:   Richard Coe, Esq. (via e-mail)

*Established 1849*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARSULEX ENVIRONMENTAL
TECHNOLOGIES CORPORATION,

                    Plaintiff,

v.

SELIP S.P.A.,

                    Defendant.

Case No.  1:15-cv-00269

(Judge Yvette Kane)

## PLAINTIFF MARSULEX ENVIRONMENTAL TECHNOLOGIES CORPORATION'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,
Plaintiff Marsulex Environmental Technologies Corporation ("MET") by and
through its undersigned counsel, hereby requests that Defendant Selip S.p.A.
("Selip") respond to the following Requests for Production of Documents within
the time allotted by the applicable rules.  Such inspection and copying shall occur
at the offices of Drinker Biddle & Reath LLP, One Logan Square, Suite 2000,
Philadelphia, PA 19103.

# DEFINITIONS

As used herein, the following terms shall have the following meanings:

1.      "Document" or "documents" shall be construed broadly and expansively to include any medium upon which information is kept, however produced, reproduced or stored, in Defendant's actual or constructive possession, custody or control, or of which Defendant has knowledge of its existence, and whether prepared, published or released by Defendant or by any other person or entity, including but not limited to letters, reports, agreements, resolutions, correspondence, intra-office or inter-office correspondence, telegrams, minutes or recordings of meetings, drafts, revisions, invoices, receipts, notes, sketches, pictures, photographs, records, ledgers, contracts, bills, accounting and financial records and data, diaries, journals, calendars, computer cards, tapes, electronic mail, disks, printouts, and other means of electronically stored information.  Such electronically stored information shall include, but is not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, audio tapes, videotapes, digital recordings, digital images and graphics, electronic mail, instant messages, word processing documents, including all drafts and final versions thereof, faxes, voicemails, internet usage history, deleted, fragmentary, and residual data, spreadsheets, and other data or data compilations stored in any medium from which information can be obtained.  "Document" also includes the

original and any draft thereof and all non-identical copies of documents and copies upon which notes have been made.

2.    "All documents" means every document, as defined in paragraph 1 above, which can be located, discovered or obtained by reasonably diligent efforts, including without limitation all documents possessed by:  (a) Defendant or Defendant's counsel; or (b) any other person or entity from whom Defendant can obtain such documents by request or which Defendant has a legal right to bring within Defendant's possession by demand.

3.    "Communication" means, without limitation, any written, oral or electronic transmission of information, demands or questions, including but not limited to meetings, conversations, discussions, telephone calls, telegrams, telecopies, telefaxes, conferences, writings, letters, messages, notes or memoranda.

4.    The term "relating to" (including any variant thereof), includes referring to, alluding to, responding to, concerning, connections with, commenting on or in respect of, analyzing, touching upon, and constituting the being, and is not limited to contemporaneous events, actions, communications, or documents.

5.    "Defendant", "Selip", or "You" refers to Selip S.p.A., its agents, representatives, attorneys, and all other persons acting, or purporting to act, on its behalf or in concert with Defendant.

6.      "MET" refers to Marsulex Environmental Technologies Corporation and its agents, representatives, attorneys, and all other persons acting, or purporting to act, on its behalf.

7.      "ZAP" refers to Zaklady Azotowe "Pulawy" S.A. and its agents, representatives, attorneys, and all other persons acting, or purporting to act, on its behalf.

8.      "FRP piping" refers to any and all fiberglass reinforced plastic piping.

9.      "June 2010 FRP piping" refers specifically to the external fiberglass reinforced plastic piping that Selip agreed to design, manufacture, and supply pursuant to the June 21, 2010 purchase order entered into between Selip and MET.

## **INSTRUCTIONS**

1.      Each request for production of a document or documents shall be deemed to call for the production of the original document or documents, to the extent that they are in or subject to, directly or indirectly Defendant's control.  In addition, each request should be considered as including all copies and, to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft or from each other, such as drafts and final versions that are electronically stored in any document management system or hard drive.

2.      Any request propounded in the disjunctive shall also be read as if it is propounded in the conjunctive, and vice versa.

3.      Use of the singular in each request should be taken to include the plural, and vice versa.

4.      Each request should be construed as concerning past and present incidents, activities, and practices, unless otherwise specified.

5.      If there are no documents responsive to a particular request, Defendant shall so state in writing.

6.      All electronically stored information shall be produced in a reasonably usable form, and it shall not be converted from the form in which it is ordinarily maintained to a different form that would make it more difficult or burdensome for Plaintiff to use such information.

7.      In the event that any document or portion thereof is withheld on the basis of any privilege or otherwise claimed to be protected against production, such document shall be identified by stating:  (a) the nature of the privilege or reason for withholding which Defendant contends applies; (b) the factual basis for Defendant's assertion of privilege or the reason for withholding; (c) the type of document (e.g., letter, memorandum, etc.); (d) all authors and addresses; (e) all indicated and blind copies; (f) all persons to whom the document was distributed, shown or explained; (g) the document's date; (h) a summary description of the

document's subject matter; (i) the number of pages and attachments or appendices comprising the document; and (j) its present custodian.  Whenever a claim of privilege is made with respect to any oral communication or statement, identify the participants to the communication and/or the person giving and receiving the statement, and set forth the date and place of the communication or statement and state the general subject matter thereof and state the basis for the claim of privilege.

8.      If any document was, but is no longer, in Defendant's possession, or subject to Defendant's control, or in existence, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) has been otherwise disposed of.  In each instance, explain the circumstances surrounding any such disposition, including the authorization of the disposition, the date of destruction or discard, the manner of destruction or discard and reason for destruction or discard, the persons who authorized and carried out such destruction or discard, whether any copies of the document presently exist, and, if so, the name of the custodian of each copy.

9.      An objection or claim of privilege directed to part of a request does not constitute an excuse for failure to respond to the parts of the request for which no objection to claim of privilege is made.

10.    If a refusal to answer a request is based on the grounds that the request is overly burdensome, identify the number and nature of documents needed to be searched.

11.    If a request cannot be produced in full, answer to the extent possible and specify the reasons for Defendant's inability to answer.

12.    These requests shall be deemed continuing so as to require supplemental responses between the time answered and the time of trial.

## <u>REQUESTS FOR PRODUCTION</u>

1.    All documents relating to the June 2010 FRP piping, including any communications with MET or ZAP regarding the June 2010 FRP piping and any documents relating to Selip's investigation of the June 2010 FRP piping failure.

2.    All documents relating to Selip's manufacturing policies, processes, and procedures for FRP piping from 2005 to present, including, but not limited to, documents relating to Selip's quality control policies, processes, and procedures.

3.    All documents identifying the individuals and entities that supply Selip with materials used in its FRP piping, including, but not limited to, any documents relating to materials purchased or supplied for use in the June 2010 FRP Piping.

4.    All documents relating to any and all inspections and testing of the June 2010 FRP piping including, but not limited to, all inspections and testing

required by Section 4.5 of the document titled "Specification for Absorber External FRP Recycle Piping for Zaklady Azotowe 'Pulawy' S.A., Pulawy, Poland."

5.      All documents relating to the traceability/identification of all components, materials, and processes used to design and manufacture the June 2010 FRP piping including, but not limited to, those required by Sections 6.2 and 6.3 of the document titled "Specification for Absorber External FRP Recycle Piping for Zaklady Azotowe 'Pulawy' S.A., Pulawy, Poland."

6.      All material certificates for each batch of material from which the June 2010 FRP piping components were fabricated including, but not limited to, those required by Section 6.4.1 of the document titled "Specification for Absorber External FRP Recycle Piping for Zaklady Azotowe 'Pulawy' S.A., Pulawy, Poland."

7.      All documents identifying any and all calculations related to the June 2010 FRP piping, including calculations relating to the June 2010 FRP piping's fittings and flanges.

8.      All documents identifying any and all Quality Assurance data related to the June 2010 FRP piping, including Quality Assurance data relating to procedures, inspections, shop traveler documents, and test data.

9.     All documents relating to any and all complaints regarding FRP piping designed, manufactured, and/or distributed by Selip from 2005 to the present.

10.    All documents relating to any failures of FRP piping designed, manufactured, and/or distributed by Selip from 2005 to the present.

Dated: October 14, 2015                  s/ *Richard E. Coe*
                                         Richard E. Coe (PA94539)
                                         Christian E. Piccolo (PA309281)
                                         DRINKER BIDDLE AND REATH LLP
                                         One Logan Square, Suite 2000
                                         Philadelphia, PA 19103
                                         Telephone: (215) 988-2700
                                         Facsimile: (215) 988-2757
                                         Richard.Coe@dbr.com
                                         Christian.Piccolo@dbr.com

                                         *Counsel for Plaintiff Marsulex*
                                         *Environmental Technologies*
                                         *Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I, Christian E. Piccolo, hereby certify that on this day I caused a true and

correct copy of the foregoing to be served via first class mail on the following:

>Matthew R. Shindell, Esq.
>Goldberg Segalla LLP
>1700 Market St., Suite 1418
>Philadelphia, PA 19103
>mshindell@goldbergsegalla.com
>
>*Counsel for Defendant*

Date:  October 14, 2015                         */s/ Christian E. Piccolo*
                                                Christian E. Piccolo

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARSULEX ENVIRONMENTAL TECHNOLOGIES CORPORATION, | Case No.  1:15-cv-00269 |
| Plaintiff, | (Judge Yvette Kane) |
| v. | |
| SELIP S.P.A., | |
| Defendant. | |

## PLAINTIFF MARSULEX ENVIRONMENTAL TECHNOLOGIES CORPORATION'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Marsulex Environmental Technologies Corporation ("MET") by and through its undersigned counsel, hereby requests that Defendant Selip S.p.A. ("Selip") respond to the following Interrogatories within the time allotted by the applicable rules.

## DEFINITIONS

As used herein, the following terms shall have the following meanings:

1.      "Defendant", "Selip", "You," or "Your" refers to Selip S.p.A., its agents, representatives, attorneys, and all other persons acting, or purporting to act, on its behalf or in concert with Defendant.

1

2.      "Person" shall mean any natural Person, partnership, corporation, or other business entity and all present and former officers, directors, agents, employees, attorneys and others acting or purporting to act on behalf of such natural Person, partnership, corporation or other business entity.

3.      "MET" refers to Marsulex Environmental Technologies Corporation and its agents, representatives, attorneys, and all other persons acting, or purporting to act, on its behalf.

4.      "FRP piping" refers to any and all fiberglass reinforced plastic piping.

5.      "June 2010 FRP piping" refers specifically to the external fiberglass reinforced plastic piping that Selip agreed to design, manufacture, and supply pursuant to the June 21, 2010 purchase order entered into between Selip and MET.

6.      The term "relating to" (including any variant thereof), includes referring to, alluding to, responding to, concerning, connections with, commenting on or in respect of, analyzing, touching upon, and constituting the being, and is not limited to contemporaneous events, actions, communications, or documents.

## INSTRUCTIONS

1.      In responding to these interrogatories, Defendant must make a diligent search of its records, papers, and materials in it or its representatives' possession, custody or control, or otherwise available to it or its representatives.

2

2.      Each interrogatory is to be answered separately and as completely as possible.  The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to produce all material currently in Defendant's or Defendant's representatives' possession, custody, or control.

3.      If any interrogatory cannot be answered in full, answer to the extent possible and specify the reasons for Defendant's inability to answer.

4.      An objection or claim of privilege directed to part of an interrogatory does not constitute an excuse for failure to respond to the parts of the interrogatory for which no objection or claim of privilege is made.

5.      Any interrogatory propounded in the disjunctive shall also be read as if it is propounded in the conjunctive, and vice versa.

6.      Use of the singular in each interrogatory should be taken to include the plural, and vice versa.

7.      Each interrogatory should be construed as concerning past and present incidents, activities, and practices, unless otherwise specified.

8.      If a privilege not to answer is claimed, identify each matter as to which the privilege is claimed, the nature of the privilege, and the legal and factual basis for each such claim.  If such claim of privilege relates to a document, identify the author, addressee, and all recipients of copies of the document, setting forth the date and general subject matter thereof, and state the basis for the claim of

3

privilege.  Whenever a claim of privilege is made with respect to any oral communication or statement, identify the participants to the communication and/or the person giving and receiving the statement, set forth the date and place of the communication or statement, and state the general subject matter thereof and the basis for the claim of privilege.

9.     If a refusal to answer an interrogatory is based on the grounds that the interrogatory is overly burdensome, identify the number and nature of documents needed to be searched.

10.    These interrogatories shall be deemed continuing so as to require supplemental responses between the time answered and the time of trial.

## INTERROGATORIES

1.     Identify all Persons with knowledge or information regarding the June 2010 FRP piping.  This request includes, but is not limited, to the identity of Persons with knowledge regarding the June 2010 FRP piping's design, fabrication, quality control, and inspection and testing.  Include in Your response, the full name of each Person identified, each Person's title, and a description of the relevant knowledge each Person possesses.

4

2.      Identify by full name and title all Persons with knowledge or information relating to Selip's manufacturing policies, processes, and procedures for FRP piping.  This request includes, but is not limited, to the identity of Persons with knowledge relating to policies, processes, and procedures for quality control, inspection and testing, and the purchasing of materials.  Include in Your response, the full name of each Person identified, each Person's title, and a description of the relevant knowledge each Person possesses.

3.      Identify by title all policies, processes, and procedures that applied to the design, manufacture, and supply of the June 2010 FRP piping.

4.      Identify and describe all complaints Selip has received regarding the design, manufacture, and/or supply of FRP piping.  Include in Your response the name of the Person asserting the complaint, the date of the complaint, and a description of the complaint.

5.     Identify and describe all failures or reports of failures Selip has received regarding FRP piping manufactured or distributed by Selip.  Include in Your response the name of the Person reporting the failure or alleged failure, the date of the report, and a description of the failure.

Dated: October 14, 2015

s/ *Richard E. Coe*
Richard E. Coe (PA94539)
Christian E. Piccolo (PA309281)
DRINKER BIDDLE AND REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
Richard.Coe@dbr.com
Christian.Piccolo@dbr.com

*Counsel for Plaintiff Marsulex*
*Environmental Technologies*
*Corporation*

## **CERTIFICATE OF SERVICE**

I, Christian E. Piccolo, hereby certify that on this day I caused a true and

correct copy of the foregoing to be served via first class mail on the following:

> Matthew R. Shindell, Esq.
> Goldberg Segalla LLP
> 1700 Market St., Suite 1418
> Philadelphia, PA 19103
> mshindell@goldbergsegalla.com
>
> *Counsel for Defendant*

Date:  October 14, 2015                    */s/ Christian E. Piccolo*
                                            Christian E. Piccolo

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARSULEX ENVIRONMENTAL          :          Case No. 1:15-cv-00269
TECHNOLOGIES                               :
                                                      :
             Plaintiff,                          :
                                                      :
             v.                                    :
                                                      :
SELIP S.P.A.,                                   :
                                                      :
             Defendant.                        :

---

## DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE THAT** Defendant Selip S.p.A. (hereinafter "Defendant") by and through its attorneys Goldberg Segalla LLP, respond to Plaintiff's First Request for Production of Documents, as follows:

The responses provided herein have been prepared pursuant to a reasonable and diligent investigation and search for the information requested of Defendant, based upon its understanding of the demands, as drafted. These responses reflect information obtained before this date by Defendant pursuant to a reasonable and diligent search and investigation in those areas where information is reasonably expected to be found.

Defendant further states that in preparing and making these responses, it has not accepted or acquiesced in the purported directions, conditions or definitions imposed at the time of Demands were propounded. Further, Defendant incorporates herein by reference such other specific objections as may be contained hereinafter in its responses. Defendant reserves the right to amend and/or supplement these responses as discovery progresses as allowed by law, but undertakes no obligation to do so.

Defendant objects to the definitions and instructions to the extent that they are unduly burdensome and seek to impose any duty or obligation to respond beyond the requirements of the Laws and Rules of the State of Pennsylvania or any applicable Court Order.

Defendant objects to the demands to the extent they seek information in the possession of persons other than the Defendant and over whom the Defendant has no control. Defendant is not required to obtain such information or documents from said persons. All general objections apply to each demand. Specific references to general objections are included for emphasis only. Failure to specify any general objection in response to a particular demand is not intended to waive the general objections.

Whenever a response is offered "subject to" an objection, the response is intended to be, and should be construed as, being consistent with, and so as to

preserve, the outstanding objections. For example, a response to demand seeking both confidential and non-confidential information will omit the confidential information entirely.

## GENERAL OBJECTIONS

1.    Defendant objects to providing any information or producing any document that is protected from disclosure by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, self-critical analysis privilege, or by any other applicable privilege.    An inadvertent production of any privileged or protected document will not constitute a waiver of any privilege or protection.

2.    Defendant objects to the production of any document or information that constitutes or would disclose confidential or proprietary commercial information or disclosure of trade secrets or other proprietary data without the execution of an appropriate protective order by all of the parties to this lawsuit.

3.    Defendant objects to Plaintiff's requests because and to the extent they are not limited to the parties, times and date, or events which form the bases of Plaintiffs' allegations and the subject matter of this action.    Specifically, Defendant objects o requests not limited to the subject incident.    Defendant objects to discovery that exceeds these parameters.

3

4.     Defendant objects to Plaintiff's requests because and to the extent that they seek documents and information concerning bearings different from those forming the basis of the instant litigation.

5.     Defendant asserts these objections with respect to each and every Demand. Defendant reserves the right without imposing on it any duty not required by law, to supplement, amend, correct, or clarify its responses and objections to this Request, and to assert additional objections arising from matters discovered during the course of the litigation.

6.     Defendant's decision, now or in the future, to provide information or documents notwithstanding the objectionable nature of any of the definitions or the requests for production themselves, should not be construed as:  (i) an agreement that the material is relevant or admissible; (ii) a waiver of the general objections or the objections asserted in response to specific requests; or (iii) an agreement that requests for similar information will be treated in a similar manner.

## RESPONSES

1. All documents relating to the June 2010 FRP piping, including any communications with MET or ZAP regarding the June 2010 FRP piping and any documents relating to Selip's investigation of the June 2010 FRP piping failure.

    **RESPONSE**:  Objection.   This request is overbroad, vague, and unduly burdensome.   Defendant further objects as the demand is not reasonably

calculated to lead to the discovery of admissible evidence. Without waiving said objections, all responsive documents in the Defendant's possession are attached hereto.

2.  All documents relating to Selip's manufacturing policies, processes, and procedures for FRP piping from 2005 to present, including, but not limited to, documents relating to Selip's quality control policies, processes, and procedures.

    **RESPONSE**: Objection.   This request is overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving said objections, all responsive documents in the Defendant's possession are attached hereto.

3.  All documents identifying the individuals and entities that supply Selip with materials used in its FRP piping, including, but not limited to, any documents relating to materials purchased or supplied for use in the June 2010 FRP Piping.

    **RESPONSE**: Objection.   This request is overbroad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving said objections, all responsive documents in the Defendant's possession are attached hereto. Defendant continues to perform a search of its records and will supplement this response, if necessary, as required by the court rules.

4. All documents relating to any and all inspections and testing of the June 2010 FRP piping including, but not limited to, all inspections and testing required by Section 4.5 of the document titled "Specification for Absorber External FRP Recycle Piping for Zaklady Azotowe 'Pulawy' S.A., Pulawy, Poland."

**RESPONSE**:  Objection.  This request seeks documents not in the Defendant's possession or control.  Upon information and belief, several inspections were performed by MET & ZAP, and relevant documents are in MET & ZAP's possession.  Defendant further objects to this demand as overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, all responsive documents in the Defendant's possession are attached hereto.

5. All documents relating to the traceability/identification of all components, materials, and processes used to design and manufacture the June 2010 FRP piping including, but not limited to, those required by Sections 6.2 and 6.3 of the document titled "Specification for Absorber External FRP Recycle Piping for Zaklady Azotowe 'Pulawy' S.A., Pulawy, Poland."

**RESPONSE**: Objection.   This request is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, responsive documents in the Defendant's possession are attached hereto. Defendant continues to perform

6

a search of its records and will supplement this response, if necessary, as required by the court rules.

6. All material certificates for each batch of material from which the June 2010 FRP piping components were fabricated including, but not limited to, those required by Section 6.4.1 of the document titled "Specification for Absorber External FRP Recycle Piping for Zaklady Azotowe 'Pulawy' S.A., Pulawy, Poland."

**RESPONSE**: Objection.   This request is overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, responsive documents in the Defendant's possession are attached hereto. Defendant continues to perform a search of its records and will supplement this response, if necessary, as required by the court rules.

7. All documents identifying any and all calculations related to the June 2010 FRP piping, including calculations relating to the June 2010 FRP piping's fittings and flanges.

**RESPONSE**: Objection.   This request is overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objections, responsive documents in the Defendant's possession are attached hereto.

8. All documents identifying any and all Quality Assurance data related to the June 2010 FRP piping, including Quality Assurance data relating to procedures, inspections, shop traveler documents, and test data.

**RESPONSE**: Objection. This request is overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, responsive documents in the Defendant's possession are annexed hereto. Defendant continues to perform a search of its records and will supplement this response, if necessary, as required by the court rules.

9. All documents relating to any and all complaints regarding FRP piping designed, manufactured, and/or distributed by Selip from 2005 to the present.

**RESPONSE**: Objection. This request is overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objections, responsive documents in the Defendant's possession are attached hereto.

10. All documents relating to any failures of FRP piping designed, manufactured, and/or distributed by Selip from 2005 to the present.

4342106.2

**RESPONSE:** Objection.   This request is overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Dated:      December 8, 2015            **GOLDBERG SEGALLA LLP**

_____
Matthew R. Shindell
Attorney for Defendant

4342106.2

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARSULEX ENVIRONMENTAL    :    Case No. 1:15-cv-00269
TECHNOLOGIES    :
    :
       Plaintiff,    :
    :
       v.    :
    :
SELIP S.P.A.,    :
    :
       Defendant.    :

## DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant SELIP S.P.A. ("Defendant"), by its undersigned attorneys, hereby responds to Plaintiff's Interrogatories as follows.

## PRELIMINARY STATEMENT

This Defendant has not fully completed his investigation of the facts relating to this case, discovery in this action, or preparation for trial. All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known to this Defendant. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and contentions, which may, in turn, clarify and add meaning to known facts, as well as establish entirely new factual matters, all of which will lead to substantial additions to, changes in, and variations from the contentions and responses herein set forth.

The responses contained herein are made in a good faith effort to supply as much factual information, responsive documents, and specification of legal contentions as are presently known, but should in no way be to the prejudice of this Defendant in relation to further discovery, research, or analysis. This preliminary statement is incorporated into each and every response set forth below.

## GENERAL OBJECTIONS

This Defendant makes the following general objections and responses to Plaintiff's first set of interrogatories, each of which are incorporated by reference into the specific responses set forth below:

1.      This Defendant interprets Plaintiff's interrogatories not to include requests for information that are privileged under the attorney-client privilege, the attorney work-product doctrine, or any other applicable law, or rule of privilege or other protection from disclosure. To the extent Plaintiff's interrogatories seek such information, these Defendants object to producing such information. This Defendant will not produce or disclose such privileged information in response to Plaintiff's interrogatories, and any undertaking by this Defendant to respond to Plaintiff's interrogatories should be understood to exclude privileged information.

2.      This Defendant objects to any defined or undefined terms in Plaintiff's interrogatories that differ from how these Defendants use such terms in the ordinary course of business, and any response or use of such terms in these responses does not constitute a waiver of any objections regarding the definition or scope of such terms.

3.      This Defendant objects to Plaintiff's interrogatories to the extent it seeks information which is known only by or is solely in the possession, custody, or control of persons other than these Defendants.

4.      This Defendant objects to Plaintiff's interrogatories to the extent it seeks trade secrets, proprietary, or confidential business information, information that constitutes intellectual property of the company, or information the disclosure of which would result in a competitive disadvantage to these Defendants.

5.      This Defendant is producing information pursuant to Court Rules and in the spirit of cooperation, but this Defendant does not waive any evidentiary or other objections to the materials contained herein.

6.      This Defendant objects to Plaintiff's interrogatories to the extent that they seek electronically stored information that is not reasonably accessible because of undue burden or cost.

## **INTERROGATORIES**

1.      Identify all Persons with knowledge or information regarding the June 2010 FRP piping. This request includes, but is not limited, to the identity of Persons with knowledge regarding the June 2010 FRP piping's design, fabrication, quality control, and inspection and testing. Include in Your response, the full name of each Person identified, each Person's title, and a description of the relevant knowledge each Person possesses.

**RESPONSE**: Defendant preliminarily identifies the following Selip employees with knowledge or information as requested in Interrogatory No. 1:

A.      Carlo Romani , Selip CEO: joined Selip on April 2013. Possesses knowledge regarding the follow up of the issues reported since April 2013, interventions occurred on 2013, and business relationships with MET over the course of 2014 and 2015. He personally exchanged with MET technical reports and provided several evaluations concerning their reports.

B.      Marco Pedrazzi , Selip Sales Director: fully involved since the date of purchase order's, and has kept continuous dialogue with MET since the beginning of the subject project.

C.    Nicola Avanzini, Selip Sales Manager

D.    Massimo Ferrari, Selip Engineering Director who was responsible for the engineering and technical evaluations on the whole project.

E.    Niccolò Bonitta, Selip FRP operator who traveled to the ZAP Site on there occasions.

F.    Strum Joseph, MET Senior Project Manager who provided some technical evaluations about the issues at the Site

G.    Devine Mary Lynn, MET Purchasing Director who was fully involved since the beginning of the subject project.

2.    Identify by full name and title all Persons with knowledge or information relating to Selip's manufacturing policies, processes, and procedures for FRP piping. This request includes, but is not limited, to the identity of Persons with knowledge relating to policies, processes, and procedures for quality control, inspection and testing, and the purchasing of materials. Include in Your response, the full name of each Person identified, each Person's title, and a description of the relevant knowledge each Person possesses.

**RESPONSE**: Defendant preliminarily identifies the following Selip employees with knowledge or information as requested in Interrogatory No. 2:

A.    Carlo Romani, Selip CEO: joined Selip on April 2013. Possesses knowledge regarding the follow up of the issues reported since April 2013, interventions occurred on 2013, and business relationships with MET over the course of 2014 and 2015. He personally exchanged with MET technical reports and provided several evaluations concerning their reports.

B.    Marco Pedrazzi , Selip Sales Director: fully involved since the date of purchase order's, and has kept continuous dialogue with MET since the beginning of the subject project.

C.    Nicola Avanzini, Selip Sales Manager

D.    Massimo Ferrari, Selip Engineering Director who was responsible for the engineering and technical evaluations on the whole project.

E.      Niccolò Bonitta, Selip FRP operator who traveled to the ZAP Site on various occasions.

F.      Strum Joseph, MET Senior Project Manager who provided some technical evaluations about the issues at the Site

G.      Devine Mary Lynn, MET Purchasing Director who was fully involved since the beginning of the subject project.

3.      Identify by title all policies, processes, and procedures that applied to the design, manufacture, and supply of the June 2010 FRP piping.

**RESPONSE:** Objection.   This interrogatory is overbroad, vague, and unduly burdensome. Moreover, this request is redundant as MET is in possession of all responsive documents. Without waiving said objections, please see attached documents.

4.      Identify and describe all complaints Selip has received regarding the design, manufacture, and/or supply of FRP piping. Include in Your response the name of the Person asserting the complaint, the date of the complaint, and a description of the complaint.

**RESPONSE:** Objection. This interrogatory is overly broad, unduly burdensome, vague, and as not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Interrogatory as being without limitation as to the time and scope of this litigation.

5.      Identify and describe all failures or reports of failures Selip has received regarding FRP piping manufactured or distributed by Selip. Include in Your response the name of the Person reporting the failure or alleged failure, the date of the report, and a description of the failure.

**RESPONSE:** Objection. This interrogatory is overly broad, unduly burdensome, vague, and as not reasonably calculated to lead to the discovery of admissible evidence.  This defendant further objects to this interrogatory as being without limitation as to the time and scope of this litigation.

Dated:  <u>December 8, 2015</u>                    **GOLDBERG SEGALLA LLP**

                                         _____
                                         Matthew R. Shindell
                                         Attorney for Defendant

# EXHIBIT C

| From: | Piccolo, Christian E. |
|---|---|
| To: | mshindell@goldbergsegalla.com |
| Cc: | Coe, Richard E. |
| Bcc: | Piccolo, Christian E. |
| Subject: | RE: MET v. Selip, 13130.0006 |
| Date: | Friday, June 24, 2016 3:13:13 PM |
| Attachments: | Amended Confidentiality Agreement.doc |
| | Compare of Conf. Agreements.doc |

Matt,

Please allow this email to serve as a request for more specific answers to Marsulex's Interrogatories and Requests for Production. We propose that we schedule a time to meet and confer regarding the items addressed in your June 15, 2016 correspondence regarding Marsulex's Responses to Selip's Interrogatories and the below.

Also, attached please find an amended confidentiality and stipulation order. For your convenience, I have attached a compare that identifies the edits we have made to the order. Please advise as to whether you are agreeable to the attached.

Thank you,
Chrissy

Christian E Piccolo
**Drinker Biddle & Reath LLP**
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
(215) 988-2783 *office*
(215) 988-2757 *fax*
(717) 870-0294 *mobile*
Christian.Piccolo@dbr.com
www.drinkerbiddle.com

Interrogatory No. 4 requests that Plaintiff "[i]dentify and describe all complaints Selip has received regarding the design, manufacture, and/or supply of FRP piping." This information is discoverable as it is relevant to Plaintiff's claims. One of Marsulex's claims is that the supplied FRP piping was defective. Marsulex is entitled to know if there is a history of such defects in Selip's FRP piping. To address Selip's concern regarding the temporal scope of this request, Marsulex is willing to limit the scope of this request to complaints from 2005 to the present. Please supplement Selip's response to Interrogatory No. 4.

Interrogatory No. 5 requests that Plaintiff "[i]dentify and describe all failures or reports of failures Selip has received regarding FRP piping manufactured or distributed by Selip." This information is discoverable as it is relevant to Plaintiff's claims. One of Marsulex's claims is that the supplied FRP piping was defective. Marsulex is entitled to know if there is a history of such defects in Selip's FRP piping. To address Selip's concern regarding the temporal scope of this request, Marsulex is willing to limit the scope of this request to failures from 2005 to the present. Please supplement Selip's response to Interrogatory No. 5.

RFP No. 1 requests "[a]ll documents relating to the June 2010 FRP piping, including any communications with MET or ZAP regarding the June 2010 FRP piping . . . ." Selip's production only includes a handful of electronic correspondence. Please update Selip's production to include all electronic correspondence Selip has had regarding the June 2010 FRP piping or please state that Selip has no additional electronic correspondence regarding the June 2010 FRP piping.

RFP No. 2 requests "[a]ll documents relating to Selip's manufacturing policies, processes, and procedures for FRP piping from 2005 to present . . . ." Selip's production only includes documents relating to the policies, processes, and procedures for the defective FRP piping it supplied Marsulex. This request is much broader. Please supplement your production and identify the responsive documents.

RFP No. 3 requests "[a]ll documents identifying the individuals and entities that supply Selip with materials used in its FRP piping . . . ." Selip's production only includes two documents titled "Raw Material List" which identify the suppliers for five different materials. Please state whether these five materials are the only materials used in Selip's FRP piping. If they are not then please supplement the production to identify the entities that supply Selip with the additional materials.

RFP No. 9 requests "[a]ll documents relating to any and all complaints regarding FRP piping designed, manufactured, and/or distributed by Selip from 2005 to the present." Selip stated that responsive documents were included in its production. MET cannot identify these documents. Please indicate which documents in Selip's production are responsive to this request or supplement the production as necessary.

RFP No. 10 requests "[a]ll documents relating to any failures of FRP piping designed, manufactured, and/or distributed by Selip from 2005 to the present." Selip objected to this request as overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. To the contrary, such information is highly relevant to this litigation. One of Marsulex's claims is that the piping supplied was defective. Marsulex is entitled to know if there is a history of such defects in Selip's FRP piping.

---

**From:** Matthew R. Shindell [mailto:mshindell@goldbergsegalla.com]
**Sent:** Wednesday, June 15, 2016 11:38 AM
**To:** Piccolo, Christian E.
**Cc:** Coe, Richard E.
**Subject:** MET v. Selip, 13130.0006

Chrissy,

Please allow this email to serve as a request for more specific answers to my interrogatories within ten days.

In response to interrogatory 2, Plaintiff stated it was "premature" and "depositions are not yet complete." This is not a valid response. The interrogatory seeks information related to Plaintiff's claim that the FRP piping was defective, which is an integral issue of the case. There is no

requirement that depositions be conducted first before a party has to answer interrogatories. Moreover, the whole point of discovery is to find out the basis for a party's claims or defenses. Therefore, this interrogatory is clearly not "premature." Also, it is not proper to say Plaintiff "expects that records obtained from Defendant will support this claim." It is plaintiff's burden to prove its case, not my client. Finally, it is completely inappropriate for a party to state they will submit information in support of their claim when trial exhibits are exchanged. Please submit an amended response that fully answers this interrogatory.

Your client's response to interrogatory 3 is deficient for similar reasons. This interrogatory is not "premature." Moreover, I do not see anything in Rule 33 that precludes a defendant from asking a plaintiff to explain the basis for its claims.

The response to interrogatory 4 also improperly refers to Rule 33 and states it is "premature." Furthermore, it is inappropriate to simply reference the Amended Complaint. Finally, it is not proper for Plaintiff to have my client derive information to support its claim that there was a breach of contract.

The response to interrogatory 5 improperly refers to Rule 33 and states the question is premature. In addition, it is improper for Plaintiff to have my client find information that supports any claims related to the allegedly defecting piping. Plaintiff has a the burden of proof.

Interrogatory 6 asks for a computation of damages. Please explain how Plaintiff formulated $933,769.53.

The response to interrogatory 7 improperly references Rule 33 and states the question is premature. In addition, Plaintiff improperly states my client is required to obtain information to explain how the product was defective.

The response to interrogatory 8 states the terms of the agreement will not be produced without a confidentiality order. I have not read all of the materials produced yesterday, yet. However, if the agreement is not in there, please produce it.

With regard to interrogatories 16, I am unclear what we need to "meet and confer" about. Plaintiff has an obligation to produce any communications requested. It is does not matter whether Plaintiff thinks Selip may have the communications. Everything should be produced to ensure there is a clear record.

Plaintiff's response to interrogatory 17 is improper because the question is very clear. Moreover, these interrogatories are not premature. Finally, Plaintiff is claiming there was a defect. Therefore, Plaintiff must provide information that explains why even if it is just pursuing a manufacturing defect claim.

The interrogatories were served before the Amended Complaint was filed. There is no need for defendant to served amended interrogatories. Interrogatory 18 clearly asks for information from paragraphs 24 and 25 from the original complaint. Plaintiff should provide a response.

Plaintiff claims the shutdown of ZAP's plant is related to this action. Therefore, Plaintiff should response to interrogatory 19 and explain how the failure of pining caused a shutdown of the plaint. If Plaintiff does not know, it should state that.

If Plaintiff does not know who observed the accident, then it should state that in response to interrogatory 20.

It is improper for Plaintiff to reference the Amended Complaint in response to interrogatory 21. Plaintiff should provide specific information related to the statute, rule, regulation or ordinance that my client allegedly violated.

In response to interrogatory 23, it is improper for Plaintiff to simply reference the Amended Complaint. Please provide a complete response.

Interrogatory 25 asks Plaintiff to explain how my client is liable. "Specific factual basis" is not vague or ambiguous. Moreover, it is improper to reference Rule 33 or broadly state see Amended Complaint. Please provide a full and complete response. It is not my client's obligation or burden to prove how it is liable.

Thank you.



**GOLDBERG SEGALLA**

New York | Illinois | Florida | Maryland | Missouri | North Carolina
Pennsylvania | New Jersey | Connecticut | United Kingdom

**Matthew R. Shindell, Esq.**
**Partner**
1700 Market Street, Suite 1418 | Philadelphia, PA 19103-3907
DIRECT 267.519.6840 | FAX 267.519.6801
MOBILE 215.435.1648
mshindell@goldbergsegalla.com

**View Profile and vCard | www.GoldbergSegalla.com**

*This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system. Thank you.*

*Privileged Attorney-Client Communication / Attorney's Work Product*

# EXHIBIT D

**DrinkerBiddle&Reath**
LLP

Richard E. Coe
215-988-3393 Direct
215-988-2757 Fax
richard.coe@dbr.com

*Law Offices*

One Logan Square
Suite 2000
Philadelphia, PA
19103-6996

215-988-2700
215-988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON D.C.

January 11, 2018

**BY FIRST CLASS MAIL AND E-MAIL**

Michael David Brophy, Esq.
P.O. Box 13326
Philadelphia, PA 19104

**Re:** *Marsulex Environmental Technologies Corp. v. Selip S.P.A.,*
**Case No. 1:15-cv-00269**

Dear Mr. Brophy:

We received Selip S.P.A.'s ("Selip") responses to Marsulex Environmental Technologies Corporation's ("Marsulex") First Set of Interrogatories and First Set of Requests for Production of Documents on December 8, 2015. As set forth below, Selip's responses contain several deficiencies. Marsulex requests that Selip remedy these deficiencies by providing updated responses and producing all improperly withheld documents by January 19, 2018. These deficiencies are the same as those raised in the request for more specific answers sent by Christian Piccolo to Matthew Shindell on June 24, 2016. If you disagree with Marsulex's position on the deficiencies identified below, we propose a meet and confer conference before that date to discuss whether the parties can agree on the appropriate scope of Selip's responses.

<u>Selip's Responses to Marsulex's Interrogatories</u>

Selip's response to Interrogatory No. 3 is not sufficient. Selip responded to Interrogatory No. 3 by referring generally to the documents it produced in response to Marsulex's Requests for Production. A general reference to a large set of documents, without specific reference to particular Bates numbers or documents, is plainly inadequate as a response under the Federal Rules of Civil Procedure. In order to satisfy its burden, Selip must identify responsive policies, processes, and procedures by title, or specify which records contain responsive information.

Selip's objections to Interrogatory Nos. 4 and 5 are baseless and seek to withhold crucial and responsive information. First, these Interrogatories state the information sought to be discovered with particularity sufficient to permit Selip to formulate a response. The request is specifically limited to complaints about Selip's FRP piping and is therefore appropriately limited in scope. As stated in Christian Piccolo's June 24, 2016 email to Matthew Shindell, we are willing to limit this request to complaints made after January 1, 2005. Second, the requested information is relevant to the parties' claims and defenses and proportional to meet the needs of the case. Information pertaining to

*Established* 1849

DrinkerBiddle&Reath
LLP

Michael David Brophy
January 11, 2018
Page 2

complaints and reports of failure regarding Selip's design, manufacture, and supply of
FRP piping will help provide information about, among other things, the cause of past
failures of Selip's FRP piping, whether there have been similar failures of Selip's FRP
piping, and whether there have been similar complaints related to Selip's failure to
construct its piping in accordance with industry standards. All of this information would
be relevant to a determination of the cause of the FRP piping's failure and the question of
whether Selip's piping was fit for its intended use and manufactured in accordance with
industry standards.

### Selip's Responses to Marsulex's Document Requests

Request No. 1 seeks "[a]ll documents relating to the June 2010 FRP piping,
including any communications with MET or ZAP regarding the June 2010 FRP piping . .
. ." Selip's production only includes a handful of emails. Please update Selip's
production to include all electronic correspondence Selip has had regarding the June 2010
FRP piping.

Request No. 2 seeks "[a]ll documents relating to Selip's manufacturing policies,
processes, and procedures for FRP piping from 2005 to present . . . ." Selip's production
only includes documents relating to the policies, processes, and procedures for the
defective FRP piping it supplied Marsulex. This request is much broader. Please
supplement your production.

Request No. 3 seeks "[a]ll documents identifying the individuals and entities that
supply Selip with materials used in its FRP piping . . . ." Selip's production only includes
two documents titled "Raw Material List" which identify the suppliers for five different
materials. Please state whether these five materials are the only materials used in Selip's
FRP piping. If they are not, please supplement Selip's production to identify the entities
that supply Selip with the additional materials.

Selip's objections to Document Request Nos. 9 and 10 are similar to its objections
to Interrogatory Nos. 4 and 5, and are also without merit. Document Request Nos. 9 and
10 sufficiently state the documents sought to be discovered with particularity sufficient to
permit Selip to formulate a response. Furthermore, Marsulex has limited the time period
of the Document Requests to 2005. The documents requested are relevant to the parties'
claims and defenses and proportional to meet the needs of the case. As explained in the
preceding section of this letter, documents pertaining to complaints and reports of failure
regarding Selip's design, manufacture, and supply of FRP piping are relevant to a
determination of the cause of the FRP piping's failure and the question of whether Selip's
piping was fit for its intended use and manufactured in accordance with industry
standards.

DrinkerBiddle&Reath
L L P

Michael David Brophy
January 11, 2018
Page 3


   As noted, Marsulex requests that Selip update its responses to Marsulex's First
Set of Interrogatories and First Set of Requests for Production of Documents, and
produce all responsive documents by January 19, 2018.

                                       Sincerely,

                                       Richard E. Coe

REC

cc:    Christian E. Piccolo, Esq.

# EXHIBIT E

| | |
|---|---|
| **From:** | Michelen, Lucas B. |
| **To:** | "Mike Brophy" |
| **Cc:** | Coe, Richard E. |
| **Subject:** | RE: Marsulex vs. Selip, SPA |
| **Date:** | Thursday, February 8, 2018 10:26:47 AM |

Mike,

Thank you.  A more complete response by February 16 works for us.

I am currently in our New York office, but it sounds like it is shaping up to be a great day for Philadelphia.

Thanks,
Lucas

**From:** Mike Brophy [mailto:mikebroph@gmail.com]
**Sent:** Thursday, February 8, 2018 8:21 AM
**To:** Michelen, Lucas B. <Lucas.Michelen@dbr.com>
**Cc:** Coe, Richard E. <Richard.Coe@dbr.com>
**Subject:** Re: Marsulex vs. Selip, SPA

Good morning Lucas,

    Thanks for your email and good luck to everyone in your firm who may be in center city today - hopefully it's a great day for the city and folks who may need to work are able to get in and out of town safely.

    I have no disagreements with your recital of our status and my discussions with Rick.  I will follow-up with my client to determine when the additional documents should be expected, and also to address the deposition issues you referenced.  If acceptable, please allow me time through the end of next week (February 16) to provide your office with a more complete response on these issues.  I share your desire to avoid motion practice.

Thanks,
  Mike

On Wed, Feb 7, 2018 at 5:40 PM, Michelen, Lucas B. <Lucas.Michelen@dbr.com> wrote:

> Mike,
>
> Good evening.  I am following up on the discovery deficiency letter Rick mailed to you on
> January 11, 2018.  It is my understanding that you plan to produce additional documents
> from Selip that are responsive to the outstanding discovery requests.  Please advise as to
> when you plan to produce these documents.  We would like to avoid filing a motion with
> the Court, if possible.
>
> In addition, can you please provide us with possible dates for the depositions we have
> noticed.  We are happy to work with you to find mutually agreeable dates and locations.
> We would like to complete the depositions by the end of March.
>
> Best regards,
> Lucas
>
>
> Lucas B. Michelen *
> **Drinker Biddle & Reath LLP**
> 1177 Avenue of the Americas, 41st Floor
> New York, NY 10036-2714
> (212) 248-3262 *office*
> Lucas.Michelen@dbr.com
> www.drinkerbiddle.com
>
> * Admitted in New Jersey and Pennsylvania only. New York bar admission pending.
>
>
> ***************************************
> Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner
> responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible
> for the firm's Florham Park office is Andrew B. Joseph.
> ***************************************
> This message contains information which may be confidential and privileged. Unless you
> are the intended addressee (or authorized to receive for the intended addressee), you may
> not use, copy or disclose to anyone the message or any information contained in the
> message. If you have received the message in error, please advise the sender at Drinker
> Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
> ***************************************

# EXHIBIT F

| | |
|---|---|
| **From:** | Michelen, Lucas B. |
| **To:** | "Mike Brophy" |
| **Cc:** | Coe, Richard E. |
| **Subject:** | RE: Marsulex vs. Selip, SPA |
| **Date:** | Wednesday, February 21, 2018 9:33:08 AM |

Mike,

Thanks for the update.  End of this week for a response is fine.

Thanks,
Lucas


**From:** Mike Brophy [mailto:mikebroph@gmail.com]
**Sent:** Tuesday, February 20, 2018 5:20 PM
**To:** Michelen, Lucas B. <Lucas.Michelen@dbr.com>
**Cc:** Coe, Richard E. <Richard.Coe@dbr.com>
**Subject:** Re: Marsulex vs. Selip, SPA

Lucas and Rick,

   Thanks for the follow-up.  I have been working on this as has my client.  We lost some time last week due to illness - mine - and I wasn't able to coordinate a conference call on their progress, which I'm now trying to reschedule.  I would request your patience through the end of next week, I'm both hopeful and optimistic that additional documents will be forthcoming by then.

   On another issue - I need to request some "reconsideration" on Plaintiff's discovery responses.  Your very detailed letter to me, addressing discovery issues on our end, was most helpful, and I'll provide the same courtesy to you to get things moving....

Mike

On Tue, Feb 20, 2018 at 4:22 PM, Michelen, Lucas B. <Lucas.Michelen@dbr.com> wrote:

> Mike,
>
> Good afternoon.  Have you had an opportunity to speak to your client regarding the production of

additional documents responsive to the outstanding discovery requests and potential deposition dates?

Thanks,
Lucas

---

**From:** Michelen, Lucas B.
**Sent:** Thursday, February 8, 2018 10:27 AM
**To:** 'Mike Brophy' <mikebroph@gmail.com>
**Cc:** Coe, Richard E. <Richard.Coe@dbr.com>
**Subject:** RE: Marsulex vs. Selip, SPA

Mike,

Thank you.  A more complete response by February 16 works for us.

I am currently in our New York office, but it sounds like it is shaping up to be a great day for Philadelphia.

Thanks,
Lucas

**From:** Mike Brophy [mailto:mikebroph@gmail.com]
**Sent:** Thursday, February 8, 2018 8:21 AM
**To:** Michelen, Lucas B. <Lucas.Michelen@dbr.com>
**Cc:** Coe, Richard E. <Richard.Coe@dbr.com>
**Subject:** Re: Marsulex vs. Selip, SPA

Good morning Lucas,

Thanks for your email and good luck to everyone in your firm who may be in center city today - hopefully it's a great day for the city and folks who may need to work are able to get in and out of town safely.

I have no disagreements with your recital of our status and my discussions with Rick.  I will follow-up with my client to determine when the additional documents should be expected, and also to address the deposition issues you referenced.  If acceptable, please allow me time through the end of next week (February 16) to provide your office with a

more complete response on these issues.  I share your desire to avoid motion practice.

Thanks,
 Mike

On Wed, Feb 7, 2018 at 5:40 PM, Michelen, Lucas B. <Lucas.Michelen@dbr.com> wrote:

Mike,

Good evening.  I am following up on the discovery deficiency letter Rick mailed to you on January 11, 2018.  It is my understanding that you plan to produce additional documents from Selip that are responsive to the outstanding discovery requests.  Please advise as to when you plan to produce these documents.  We would like to avoid filing a motion with the Court, if possible.

In addition, can you please provide us with possible dates for the depositions we have noticed.  We are happy to work with you to find mutually agreeable dates and locations. We would like to complete the depositions by the end of March.

Best regards,
Lucas

Lucas B. Michelen *
**Drinker Biddle & Reath LLP**
1177 Avenue of the Americas, 41st Floor
New York, NY 10036-2714
(212) 248-3262 *office*
Lucas.Michelen@dbr.com
www.drinkerbiddle.com

* Admitted in New Jersey and Pennsylvania only. New York bar admission pending.

**************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
**************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
**************************************

*****************************************

Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*****************************************

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*****************************************

# EXHIBIT G

| | |
|---|---|
| **From:** | Mike Brophy |
| **To:** | Michelen, Lucas B. |
| **Cc:** | Coe, Richard E.; Piccolo, Christian E. |
| **Subject:** | Re: Marsulex vs. Selip, SPA |
| **Date:** | Tuesday, March 13, 2018 8:22:09 AM |

Good morning Counsel,

    I have no updates at this time and will notify your office as soon as more information is available.  I understand your need to consider motion practice.

Regards,
  Mike

On Mon, Mar 12, 2018 at 9:23 AM, Michelen, Lucas B. <Lucas.Michelen@dbr.com> wrote:

Mike,

Good morning.  Do you have any updates about when you will produce the additional documents from Selip?  Given the discovery deadline, we will have to file a motion with the court if we do not receive the documents by the end of the week.

Thank you,

Lucas

---

**From:** Michelen, Lucas B.
**Sent:** Wednesday, February 21, 2018 9:33 AM
**To:** 'Mike Brophy' <mikebroph@gmail.com>
**Cc:** Coe, Richard E. <Richard.Coe@dbr.com>
**Subject:** RE: Marsulex vs. Selip, SPA

Mike,

Thanks for the update.  End of this week for a response is fine.

Thanks,

Lucas


**From:** Mike Brophy [mailto:mikebroph@gmail.com]
**Sent:** Tuesday, February 20, 2018 5:20 PM

**To:** Michelen, Lucas B. <Lucas.Michelen@dbr.com>
**Cc:** Coe, Richard E. <Richard.Coe@dbr.com>
**Subject:** Re: Marsulex vs. Selip, SPA


Lucas and Rick,

Thanks for the follow-up.  I have been working on this as has my client.  We lost some time last week due to illness - mine - and I wasn't able to coordinate a conference call on their progress, which I'm now trying to reschedule.  I would request your patience through the end of next week, I'm both hopeful and optimistic that additional documents will be forthcoming by then.

On another issue - I need to request some "reconsideration" on Plaintiff's discovery responses.  Your very detailed letter to me, addressing discovery issues on our end, was most helpful, and I'll provide the same courtesy to you to get things moving....

Mike


On Tue, Feb 20, 2018 at 4:22 PM, Michelen, Lucas B. <Lucas.Michelen@dbr.com> wrote:

Mike,

Good afternoon. Have you had an opportunity to speak to your client regarding the production of additional documents responsive to the outstanding discovery requests and potential deposition dates?

Thanks,

Lucas

---

**From:** Michelen, Lucas B.
**Sent:** Thursday, February 8, 2018 10:27 AM
**To:** 'Mike Brophy' <mikebroph@gmail.com>
**Cc:** Coe, Richard E. <Richard.Coe@dbr.com>
**Subject:** RE: Marsulex vs. Selip, SPA

Mike,

Thank you. A more complete response by February 16 works for us.

I am currently in our New York office, but it sounds like it is shaping up to be a great day for Philadelphia.

Thanks,

Lucas

**From:** Mike Brophy [mailto:mikebroph@gmail.com]
**Sent:** Thursday, February 8, 2018 8:21 AM
**To:** Michelen, Lucas B. <Lucas.Michelen@dbr.com>
**Cc:** Coe, Richard E. <Richard.Coe@dbr.com>
**Subject:** Re: Marsulex vs. Selip, SPA

# Good morning Lucas,

Thanks for your email and good luck to everyone in your firm who may be in center city today - hopefully it's a great day for the city and folks who may need to work are able to get in and out of town safely.

I have no disagreements with your recital of our status and my discussions with Rick. I will follow-up with my client to determine when the additional documents should be expected, and also to address the deposition issues you referenced. If acceptable, please allow me time through the end of next week (February 16) to provide your office with a more complete response on these issues. I share your desire to avoid motion practice.


Thanks,

Mike


On Wed, Feb 7, 2018 at 5:40 PM, Michelen, Lucas B. <Lucas.Michelen@dbr.com> wrote:

> Mike,
>
>
> Good evening. I am following up on the discovery deficiency letter Rick mailed to you on January 11, 2018. It is my understanding that you plan to produce additional documents from Selip that are responsive to the outstanding discovery requests. Please advise as to when you plan to produce these documents. We would like to avoid filing a motion with the Court, if possible.
>
>
> In addition, can you please provide us with possible dates for the depositions we have noticed. We are happy to work with you to find mutually agreeable dates and locations. We would like to complete the depositions by the end of March.

Best regards,

Lucas

Lucas B. Michelen *
**Drinker Biddle & Reath LLP**
1177 Avenue of the Americas, 41st Floor
New York, NY 10036-2714
(212) 248-3262 *office*
Lucas.Michelen@dbr.com
www.drinkerbiddle.com

* Admitted in New Jersey and Pennsylvania only. New York bar admission pending.

**************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
**************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
**************************************

**************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
**************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
**************************************

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*