# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSULEX ENVIRONMENTAL TECHNOLOGIES, | : : : | CIVIL NO.: 1:15-CV-00269 |
| Plaintiff, | : : | |
| v. | : : : | (Chief Magistrate Judge Schwab) |
| SELIP S.P.A., | : : | |
| Defendant. | : | |

# ORDER
May 21, 2019

For the reasons set forth in our accompanying memoranda on the defendant's motion for summary judgment and the plaintiff's motion for sanctions,

**IT IS ORDERED AS FOLLOWS**:

1. The defendant's motion for summary judgment (*doc. 115*) is **DENIED**.

2. The plaintiff's motion for sanctions (*doc. 112*) is **GRANTED IN PART AND DENIED IN PART**.

3. The plaintiff's motion for sanctions is **DENIED** insofar as it seeks entry of default judgment, the preclusion of Selip's causation defense at trial, or attorneys' fees and costs.

4. The plaintiff's motion for sanctions is **GRANTED** to the extent that it seeks a forensic investigation of the defendant's computers. The defendant shall be required to pay for a forensic investigation of the work computers of Carlo Romani, Giuseppe Alfieri, Massimo Ferrari, and Marco Pedrazzi.

5. On or before **June 11, 2019**, the parties shall agree upon an expert in the forensic investigation of computers who will perform the forensic investigation.

6. On or before **June 11, 2019**, the parties shall agree on a stipulated protective order. Said protective order shall specify (1) the procedure by which the expert shall conduct the forensic investigation and (2) the means by which any privileged information shall be protected during and after the forensic investigation.

7. In the event that the parties fail to agree on either of the previous two items, each party shall file a letter with the court on or before **June 18, 2019**. In its letter, each party shall (1) recommend an expert to conduct the forensic investigation, (2) specify how much the expert's services would cost, and (3) propose language for a protective order to govern the forensic investigation.

8. The partial denial of the plaintiff's motion for sanctions is without prejudice. The plaintiff shall be allowed to file a second motion for sanctions if evidence found through the forensic investigation suggests that the

defendant engaged in the spoliation of evidence. If a second motion for sanctions is warranted, the plaintiff may seek more extreme sanctions than the sanctions granted in this order, including, but not limited to, default judgment, preclusion of evidence, an adverse inference, and fees and costs.

9. Trial in this matter and all pretrial deadlines are stayed and held in abeyance pending the conclusion of the forensic investigation and any further motions for sanctions that may be filed as a result of the forensic investigation.

10. **IT IS FURTHER ORDERED** that a case status conference is scheduled for <u>**May 28, 2019 at 10:00 a.m.**</u> Counsel for the plaintiff shall initiate the call by calling chambers at (717) 221-3980 after all parties are on the line.

<u>*S/Susan E. Schwab*</u>
Susan E. Schwab
Chief United States Magistrate Judge